UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**TRENT MCDANIEL, ET AL.** : **DOCKET NO. 2:21-CV-04380**

**VERSUS** : **JUDGE JAMES D. CAIN, JR.**

**WESTON SPECIALTY INSURANCE CO., ET AL.** : **MAGISTRATE JUDGE KAY**

## MEMORANDUM ORDER

Before the court is an Ex Parte Motion for Leave to Intervene [doc. 20] filed by Louisiana Insurance Guaranty Association ("LIGA"). Following court-ordered supplemental briefing, the time for response has passed, making this motion ripe for resolution. For reasons set forth below, the court finds that the motion should be **DENIED**.

### I.
#### BACKGROUND

Plaintiffs' complaint alleges that Hurricane Laura and Hurricane Delta damaged their Lake Charles home on or about August 27, 2020, and October 9, 2020, respectively. Doc. 1, ¶¶ 9–13. During this time, plaintiffs Trent and Tiffany McDaniel had an insurance policy on their home with defendant Weston Property & Casualty Insurance Company. *Id.* at ¶¶ 7–8. Plaintiffs filed the instant lawsuit for breach of contract, claiming defendant acted in bad faith and provided inadequate payments for the damage sustained during the hurricanes. *Id.* at ¶¶ 26, 18–19.

Through the instant motion, LIGA seeks to intervene in this case as an intervenor of right. Doc. 20. LIGA claims it is defendant's statutory successor in interest in liquidation pursuant to Louisiana Revised Statutes 22:2058(A). *Id.* at p. 1. We ordered LIGA to brief the issue of how its intervention would affect our subject matter jurisdiction and gave plaintiff an

opportunity to reply. Doc. 22. LIGA timely filed its supplemental briefing. Doc. 25. Plaintiff filed no response.

## II.
### LAW AND ANALYSIS

Under Federal Rule of Civil Procedure 24(a)(2), the court must permit intervention by anyone who, by timely motion, seeks to intervene in an action and "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Failure to satisfy any one element of this rule precludes the applicant's right to intervene. *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005).

LIGA claims it is an intervenor of right in this matter because a Florida court declared defendant insolvent. Doc. 20, att. 2. In analyzing this claim, we first determine whether LIGA has a "direct, substantial, and legally protectable" interest in the transaction that is the subject of this litigation. *Ross*, 426 F.3d at 757 (brackets removed).

"A key component of the intervention analysis is whether the intervenor has a sufficient 'interest' in the litigation." *Ouch v. Sharpless*, 237 F.R.D. 163, 165 (E.D. Tex. 2006) (finding that proposed intervenor did not have sufficient interest for purposes of intervention where his sole interest was in plaintiff's eventual damages recovery and not a substantive interest). Determining the nature of the interest required for an intervention of right involves a flexible inquiry "which focuses on the particular facts and circumstances surrounding each application," and intervention of right "must be measured by a practical rather than technical yardstick." *United States v. Perry County Bd. of Ed.*, 567 F.2d 277, 279 (5th Cir. 1978) (quoting *United States v. Allegheny-Ludlum Indus., Inc.*, 517 F.2d 826, 841 (5th Cir. 1975)).

LIGA claims its interest in the litigation arises from Louisiana Revised Statutes 22:2058(B)(3), which allows LIGA to sue or be sued and includes a "right to intervene as a party." However, this Louisiana statute grants a right to intervene in Louisiana state courts, not federal courts.

LIGA also asserts that its interest arises from § 2058(A). Doc. 25, p. 4. Under this provision, LIGA has "all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent" to the extent of LIGA's obligations on the "covered claims." La. R.S. 22:2058(A)(2). The cited statute creates an obligation for LIGA but does nothing to explain what interest LIGA would have in this litigation, one in contract by insureds against their insurer. LIGA has no interest in this litigation to protect.[1]

### III.
#### CONCLUSION

For the foregoing reasons, it is

**ORDERED** that LOUISIANA INSURANCE GUARANTY ASSOCIATION's Ex Parte Motion for Leave to Intervene [doc. 20] be **DENIED**.

THUS DONE AND SIGNED in Chambers this 26th day of January, 2023.



KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

[1] Should plaintiffs wish to proceed against LIGA in this forum, they might consider filing a Motion to Substitute LIGA for Southern Fidelity as its statutory successor in interest to the obligations of the insolvent insurer. *See Hale v. America's Ins. Co.*, 21-cv-2902 (W.D. La. Jan. 25, 2023) (Memorandum Order on motion to substitute).