## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

TRENT MCDANIEL ET AL                    CASE NO.  2:21-CV-04380

VERSUS                                  JUDGE JAMES D. CAIN, JR.

WESTON SPECIALTY INSURANCE CO     MAGISTRATE JUDGE KAY

### MEMORANDUM RULING

Before the Court is a "Motion for Review of Magistrate Judge's Memorandum Order Denying Motion for Leave to Intervene" (Doc. 27) filed by proposed Intervenor, Louisiana Insurance Guaranty Association (LIGA").

### INTRODUCTION

On or about August 27, 2020, Hurricane Laura made landfall near Lake Charles, Louisiana.  On or about October 9, 2020, Hurricane Delta made landfall near Lake Charles, Louisiana.  During the relevant time period, Plaintiffs owned property insured by Defendant, Weston Specialty Insurance Company ("Weston").  Plaintiffs filed the instant lawsuit for breach of contract and for statutory penalties pursuant to Louisiana Revised Statutes 22:1892 and 22:1973.

### LAW AND ANALYSIS

In this matter, LIGA claims it is an intervenor of right because Weston has been declared insolvent.[1]  In her Memorandum Ruling, the Magistrate Judge denied LIGA's

---

[1] Doc. 20.

Motion for Leave to Intervene because LIGA had no interest in this litigation to protect.[2] LIGA disagrees with the Magistrate Judge's holding and posits that LIGA is the only entity available to Plaintiffs for purposes of seeking recovery for their covered claims. LIGA argues that if it is forbidden from participating in the lawsuit, this Court will deprive Plaintiffs of the ability to be made whole.  This Court disagrees.

Under Federal Rule of Civil Procedure 24(a)(2), the court must permit intervention by anyone who, by timely motion, seeks to intervene in an action and "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Failure to satisfy any one element of this rule precludes the applicant's right to intervene. *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005).

In analyzing this claim, the court determines whether LIGA has a "direct, substantial, and legally protectable" interest in the transaction that is the subject of this litigation. *Ross*, 426 F.3d at 757 (brackets removed).

"A key component of the intervention analysis is whether the intervenor has a sufficient 'interest' in the litigation." *Ouch v. Sharpless*, 237 F.R.D. 163, 165 (E.D. Tex. 2006) (finding that proposed intervenor did not have sufficient interest for purposes of intervention where his sole interest was in plaintiff's eventual damages recovery and not a substantive interest). Determining the nature of the interest required for an intervention of

---

[2] Doc. 26.

right involves a flexible inquiry "which focuses on the particular facts and circumstances surrounding each application," and intervention of right "must be measured by a practical rather than technical yardstick." *United States v. Perry County Bd. of Ed.*, 567 F.2d 277, 279 (5th Cir. 1978) (quoting *United States v. Allegheny-Ludlum Indus., Inc.*, 517 F.2d 826, 841 (5th Cir. 1975)).

LIGA claims its interest in the litigation arises from Louisiana Revised Statutes 22:2058(B)(3), which allows LIGA to sue or be sued and includes a "right to intervene as a party." However, this Louisiana statute grants a right to intervene in Louisiana state courts, not federal courts.

LIGA also asserts that its interest arises from § 2058(A). Under this provision, LIGA has "all rights, duties, and obligations of the insolvent insurer as if the insurer had not become insolvent" to the extent of LIGA's obligations on the "covered claims." La. R.S. 22:2058(A)(2). The cited statute creates an obligation for LIGA but does nothing to explain what interest LIGA would have in this litigation, one in contract by insureds against their insurer. LIGA has no interest in this litigation to protect.[3]  Accordingly,

---

[3] Should plaintiffs wish to proceed against LIGA in this forum, they might consider filing a Motion to Substitute LIGA for FedNat as its statutory successor in interest to the obligations of the insolvent insurer. *See Hale v. America's Ins. Co.*, 21-cv-2902 (W.D. La. Jan. 25, 2023) (Memorandum Order on motion to substitute). "Subject matter jurisdiction, once it validly exists among the original parties, remains intact after substitution." *Ransom v. Brennan*, 437 F.2d 513, 516 (5th Cir. 1971) (collecting cases). By contrast, in cases in which plaintiffs have sought to amend their complaints to state claims against LIGA as an additional defendant, we have found that such an amendment would destroy diversity. *See, e.g.*, *Prudhomme et al v. Southern Fidelity Insurance Co.,* 2:22-cv-02067, Doc. 8, p. 3 (W.D. La. Feb. 1, 2023) (Memorandum Order on motion to amend complaint) (citing *B.A. Kelly Land Co. LLC v. Aethon Energy Operating LLC*, No. 5:18-CV-01243, 2019 WL 13115363, at *2 (W.D. La. Dec. 20, 2019), *aff'd*, 25 F.4th 369 (5th Cir. 2022); *Landry v. Circle K Stores, Inc.*, No. CV 16-15705, 2017 WL 3065105, at *1 (E.D. La. July 19, 2017) ("All parties agree that LIGA is a Louisiana citizen and that joining LIGA as a defendant would destroy the Court's diversity jurisdiction.")).

**IT IS ORDERED** that the Magistrate Judge's conclusion is correct and the denial of the Motion to Intervene is affirmed.

**THUS DONE AND SIGNED** in Chambers on this 19th day of April, 2023.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**